UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYRIN D. CARTER, Plaintiff, v. CLARK COUNTY SUPERIOR COURT, *et al.*, Defendants. | CASE NO. 3:26-cv-05786-RAJ-GJL<br>ORDER DECLINING SERVICE AND TO SHOW CAUSE |

Plaintiff Kyrin D. Carter, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. Dkt. 7.[1] Having reviewed and screened Plaintiff's Complaint (Dkt. 7) in accordance with 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and that granting Plaintiff leave to amend would not enable him to cure his pleading's deficiencies.

[1] Plaintiff filed two versions of his initial pleading, and the Court accepts for filing and screens the most recent proposed complaint received on July 29, 206. Dkt. 7; *see also* Dkts. 1-2, 6-2 (both docket entries reflect Plaintiff's prior proposed complaint received on July 14, 2026).

Accordingly, the Court **DECLINES** to direct service of the Complaint upon any Defendant and, instead, **ORDERS** Plaintiff to **SHOW CAUSE on or before October 12, 2026**, why this action should not be **dismissed** without leave to amend.

In addition, Plaintiff has filed a Motion to Appoint Counsel (Dkt. 6-5 *supplemented by* Dkt. 7-3), which is **DENIED without prejudice**, and various Motions requesting service and summons by the United States Marshal Service (Dkts. 8, 9), which are also **DENIED**.

## I. BACKGROUND

Plaintiff, who is currently detained at Clark County Jail, initiated this prisoner civil rights action under 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants the Clark County Superior Court, Clark County Superior Court Judge John Fergrieve, Prosecuting Attorney Daniel Gasperino,[2] and Plaintiff's former defense attorney, Louis Byrd, Jr. Dkt. 7 at 1–3.

Plaintiff's claims, which relate to his criminal prosecution, plea, and sentence in Clark County Superior Court, are organized into four Counts. In Count I, Plaintiff alleges violations of the Sixth Amendment arising from the assistance he received from Defendant Byrd during his state criminal proceedings. *Id.* at 4–5. Plaintiff alleges Defendant Byrd advised or coerced him to "plead out" to an allegedly unlawful plea agreement while Plaintiff was experiencing a mental health crisis. *Id.* Plaintiff also asserts Count I against Defendants Gasperino and Clark County Superior Court. *Id.*

Counts II, III, and IV are asserted against Defendants Fergrieve, Gasperino, and Clark County Superior Court. In Count II, Plaintiff alleges Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by imposing an allegedly unlawful

---

[2] In his prior proposed complaint, Plaintiff named Prosecuting Attorney F. Anthony Golik as a defendant but now asserts his claims against Prosecutor Gasperino. *Compare* Dkts. 1-2 and 6-2 *with* Dkt. 7. Accordingly, the Clerk's Office is **DIRECTED** to **TERMINATE** Defendant Golik as a defendant in this action and **UPDATE** the docket to include Defendant Gasperino.

sentence, including through the application of a "sexual motivation enhancement." *Id.* at 6–7. In Count III, Plaintiff alleges malicious prosecution and a violation of the Fourth Amendment, again challenging the legality of his prosecution, plea, and sentence with enhancement. *Id.* at 7–8. Finally, in Count IV, Plaintiff alleges the same three Defendants violated the Americans with Disabilities Act ("ADA") by denying him an opportunity to participate in a mental health diversion program during his prosecution. *Id*. at 9–10.

As relief, Plaintiff asks the Court to dismiss his underlying criminal case with prejudice, expunge his criminal record, and award him $10 million in damages. *Id*. at 11.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A

plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in a complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous and without leave to amend. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Determining frivolousness is a matter of discretion, and a finding of legal frivolousness is appropriate where a complaint asserts claims against individuals who are clearly immune from suit and/or alleges the violation of unfounded or nonexistent legal rights. *Neitzke*, 490 U.S. at 327. On the other hand, a finding of factual frivolousness is appropriate where the factual

contentions and scenarios alleged in a complaint are "clearly baseless," "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 327–28; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

## III. DISCUSSION

Upon review, Plaintiff's Complaint contains numerous deficiencies that make it inappropriate for service upon any Defendant. Specifically, Plaintiff has (A) failed to identify an appropriate defendant for his § 1983 claims, (B) seek relief from his state criminal prosecution that is not available to him in these proceedings, and (C) fails to state a viable ADA claim. Together, these deficiencies render Plaintiff's Complaint without any arguable substance in law. Given the nature of Plaintiff's deficiencies, he must show cause why his Complaint should not be dismissed for failure to state a claim and without the opportunity to amend.

### A. Defendant Deficiencies

First, Plaintiff's Complaint is deficient because he has not identified a Defendant against whom his claims for monetary damages may proceed under 42 U.S.C. § 1983.

***Defendant Clark County Superior Court***. As stated above, the proper defendants for § 1983 claim are "persons" acting under color of state law. The United States Supreme Court has made clear that States and state agencies are not "persons" subject to suit under § 1983. S*ee Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting State is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982).

Washington superior courts are state agencies established by the Washington State Constitution and funded by the state government. Wash. Const. art. IV, §§ 1, 6; *Greater L.A.*

*Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. Therefore, like the State of Washington itself, Clark County Superior Court is not a "person" that can be sued under § 1983, *Will*, 491 U.S. at 64, and the Eleventh Amendment further bars Plaintiff's claim against the state superior court. *Edelman*, 415 U.S. at 662–63. Plaintiff thus fails to state a § 1983 claim against Clark County Superior Court, and these deficiencies cannot be cured by filing an amended pleading.

***Defendant Byrd.*** Generally, private persons do not act under color of state law and therefore are not liable under § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982)). In addition, court-appointed criminal defense attorneys, like privately retained counsel, are not state actors and therefore are not subject to § 1983 liability when acting in the capacity of an advocate for their clients. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[T]he duties of a defense lawyer are those of a personal counselor and advocate. …[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

While it is not clear from the Complaint if Defendant Byrd was privately retained or appointed by the state court, it is clear that Plaintiff's allegations against Defendant Byrd concern actions taken in his capacity as Plaintiff's criminal defense attorney to include advising Plaintiff to accept a plea agreement. Dkt. 7 at 4–5. Therefore, Plaintiff's claims against Defendant Byrd are not against a person acting under color of state law as required to proceed under § 1983. Thus, Defendant Byrd cannot be liable under § 1983, and Plaintiff has failed to state a claim against him.

***Defendants Fergrieve and Gasperino.*** Section 1983 claims for monetary damages against judges and prosecutors are also barred by absolute judicial and prosecutorial immunity doctrines. *See Mireles v. Waco*, 502 U.S. 9, 9–12 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutorial immunity).

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). A judge loses absolute immunity only when the judge acts "in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id.* Judges retain their immunity even when accused of acting maliciously or corruptly, *Mireles*, 502 U.S. at 11, or when accused of acting in error, *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Additionally, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff's allegations against Defendant Fergrieve concern actions taken in his judicial capacity during Plaintiff's criminal proceedings, including accepting Plaintiff's guilty plea and presiding over Plaintiff's sentencing hearing. Dkt. 7 at 6–8. These actions plainly relate to the judicial process, without any plausibly allegations that Defendant Fergrieve acted in the clear absence of jurisdiction. Defendant Fergrieve is absolutely immune from Plaintiff's claims for monetary damages.

Likewise, Prosecutors are entitled to absolute immunity from liability for damages under § 1983 when performing traditional prosecutorial functions. *Imbler*, 424 U.S. at 427, 430–31. "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (quoting *Imbler*, 424 U.S. at 427).

Plaintiff's allegations against Defendant Gasperino concern his conduct in prosecuting Plaintiff's criminal case, including offering the challenged plea agreement and further involvement in Plaintiff's sentencing. See Dkt. 7 at 4–8. These allegations concern traditional prosecutorial functions for which Defendant Gasperino is absolutely immune from damages. Plaintiff therefore fails to state a cognizable § 1983 damages claim against Defendant Gasperino.

**B. Challenges to Plaintiff's Conviction and Sentence**

Next, the Complaint is deficient because Plaintiff seeks relief that is not available in this § 1983 action, including his request that the Court dismiss his underlying criminal case with prejudice and expunge his criminal record. Dkt. 7 at 11.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," while requests for relief concerning the circumstances of confinement may be presented in a § 1983 action. *Id.* "The [Supreme] Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted). Thus, "when a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff's request that this Court dismiss his underlying criminal case and expunge his record directly challenges the validity of his conviction. *See* Dkt. 7 at 11. Such relief is available, if at all, through a petition for habeas corpus and is not available in this § 1983 action.

Plaintiff's request for monetary damages arising from his allegedly unlawful conviction and sentence is also deficient. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff does not allege his conviction or sentence has been invalidated. Rather, his § 1983 claims are premised on his contention that his plea, prosecution, conviction, and sentence are unlawful. See Dkt. 7 at 4–8. A judgment in Plaintiff's favor on these claims would necessarily call into question the validity of his conviction or sentence. Accordingly, to the extent Plaintiff seeks damages based upon the alleged invalidity of his conviction or sentence, those claims are barred by *Heck*.

**C. American with Disabilities Act**

Finally, Plaintiff has not stated a viable claim under Title II of the ADA, which prohibits "public entities" from engaging in disability-based discrimination or excluding individuals from the benefits of their services or programs "by reason of" their disability. 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must plausibly allege: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Brown v. City of Los Angeles*, 521 F.3d 1238, 1241 n. 3 (9th Cir. 2008)

The proper defendant for a Title II ADA claim is a "public entity," defined to include "any State or local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Title II does not, however, provide for suit against individuals in their individual capacities, such as Defendants Fergrieve and Gasperino. *Seebach v. Strange,* No. C23-5219-JNW-MLP, 2023 WL 12118447, at *5 (W.D. Wash. July 19, 2023)

Additionally, Plaintiff alleges Defendants violated the ADA by denying him the opportunity to participate in a mental health diversion program. Dkt. 7 at 9–10. Even assuming Plaintiff has adequately alleged he is an individual with a disability, his allegations do not show he was otherwise qualified to participate in the diversion program or that he was denied participation "by reason of" his disability. That is, Plaintiff's allegations that he was not afforded the benefit of the mental health diversion *for* his mental health crisis does not establish that his alleged disability was *the reason* he was denied participation in the program. *See, e.g., Seebach*, 2023 WL 12118447, at *6 ("[T]he ADA prohibits discrimination *because of* disability, not inadequate treatment *for* disability." (cleaned up) (emphasis added)). Plaintiff therefore fails to state a claim under Title II of the ADA.

Based on the above deficiencies, the Court declines to direct service of the Complaint and, instead, Plaintiff must **SHOW CAUSE** according to the instructions below if he intends to proceed in this action.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel. Dkt. 6-5. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981*); see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional

circumstances," however, a district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, Plaintiff has yet to file pleadings adequate for service and, without a viable complaint and responsive pleadings, Plaintiff is unable to demonstrate a likelihood of success on the merits. Thus, Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, the Motion for Counsel (Dkts. 6-5, 7-3) is **DENIED without prejudice**.

## V. MOTIONS FOR SERVICE AND SUMMONS

Finally, because the Complaint is not sufficient for service, Plaintiff's Motions (Dkts. 8, 9) requesting service and summons by the United States Marshal Service are **DENIED**. Plaintiff is **ADVISED** that further motions requesting service by the United States Marshals Service are unnecessary. As part of the screening process in *pro se* prisoner civil rights actions such as this, the Court directs service of any pleading it determines is sufficient for service.

## VI. CONCLUSION AND INSTRUCTIONS TO PLAINTIFF

In light of the foregoing, the Court declines to order direct service of Plaintiff's Complaint. Dkt. 7. Instead, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be **dismissed** for failure to state a § 1983 claim against any viable defendant, for seeking relief from his state court prosecution that is not available to him in this § 1983 action, as *Heck* barred, and for failure to state a cognizable ADA claim. The deadline for Plaintiff to respond to

the Court's Order and to show cause is **not later than October 12, 2026.** Failure to respond or adequately address the issues discussed herein by the required deadline **MAY** result in a recommendation this action be **DISMISSED**.

Additionally, Plaintiff's Motion for Counsel (Dkts. 6-5, 7-3) is **DENIED without prejudice** and his Motions (Dkts. 8, 9) requesting service and summons by the United States Marshal Service are **DENIED**.

Dated this 9th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge